## John Deane vs. Luther Washburn.

A town may legally choose a *collector of taxes*, and a *constable*, under an article in the warrant calling the annual meeting, " to choose overseers of the poor and all other town officers for the year ensuing."

The return of a collector of taxes upon his warrant of his proceedings on the distraining and sale of chattels for the payment of taxes, is *prima facie* evidence of his having tendered to the former owner the overplus arising from such sale beyond the amount of the tax and charges.

The vote of a town, at the annual meeting, under authority therefor in the warrant, " to set off" certain inhabitants named, " together with their estates, into a separate school district," defines the limits sufficiently to create a legal district.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Trespass for taking and carrying away a pair of oxen of the plaintiff. The defendant, with the general issue, filed a brief statement, justifying the taking of the oxen by him as collector of taxes of the town of *Paris*, for the year 1837, and a sale of them by virtue of a warrant from the assessors, and alleging, that he tendered the balance to the plaintiff. To show that he was a legal officer, the defendant produced a record of the town of *Paris*, by which it appeared, that in the warrant for calling the annual town meeting in *March*, 1837, there were articles for choosing a moderator, town clerk, selectmen, and assessors, and then followed article fifth in these words. " To chose overseers of the poor, and all other town officers for the year ensuing." Under the fifth article in the warrant was this entry on the town records. " Chose *Luther Washburn*, collector of taxes and constable." It was objected by the plaintiff, that *Washburn* was not legally chosen constable or collector, because there was no article in the warrant for that purpose, but the objection was overruled by the Judge. The defendant produced a warrant from the selectmen of *Paris*, in due form, directed to the defendant as collector of taxes for that town, directing him to collect the taxes on a certain list committed to him with the warrant. The tax was assessed on the polls and estate of the inhabitants of school district No. 17, pursuant to a vote of that district. In the warrant for the annual *March* meeting, 1836, *art.* 12, was this. " To see if the town will set off *Sullivan An-*

Deane *v.* Washburn.

*drews, John Deane,"* and ten others named, " together with their estates into a separate school district." Under this article, the town " voted to set off the inhabitants named in the twelfth article of the foregoing warrant, together with their estates, into a separate school district." It was objected, that this was insufficient to show the creation of a legal school district. The objection was over-ruled. The defendant made return upon the warrant, under date of *May* 27, 1837, that he seized the steers on the 24th, and after stating particularly the notice and sale, concludes thus : " from which sum ($37,50,) I deducted twelve dollars and forty-six cents, being the amount of said tax, and one dollar for charges of sale, and discharged said tax against said *Deane* in said bills, and afterwards on the same day, at said *Paris*, offered and tendered to said *Deane* twenty-four dollars and four cents, the overplus arising from said sale, besides said tax and the necessary charges of sale to said *Dean,* who then and there refused to receive the same. I therefore return the tax assessed in said bills against said *Deane* fully paid and satisfied. *Luther Washburn,* collector of taxes for the town of *Paris."*

The other evidence in relation to the sale and offer to return the balance of money arising from the sale, above the amount of the taxes, appears in the opinion of the Court. It was objected, that no sufficient evidence had been given to show that the defendant had complied with the law in returning the money thus in the hands of the collector belonging to the plaintiff. This objection was also overruled. There were several other objections made, which were not insisted on at the argument. The verdict was for the defendant, and the plaintiff filed exceptions.

*H. B. Osgood,* for the plaintiff, argued in support of the objections above-mentioned; and cited *stat.* 1821, *c.* 114 ; *stat.* 1821, *c.* 116, § 26 ; *stat.* 1821, *c.* 117, § 9 ; *stat.* 1834, *c.* 129, § 9 ; *Hoyt* v. *Byrnes,* 2 *Fairf.* 475 ; *Nelson* v. *Merriam,* 4 *Pick.* 229 ; *Bradley* v. *Davis,* 2 *Shep.* 44 ; *Pierce* v. *Benjamin,* 14 *Pick.* 356 ; *Van Brunt* v. *Schenck,* 13 *Johns. R.* 414 ; *stat.* 1834, *c.* 129, § 6 ; *Withington* v. *Eveleth,* 7 *Pick.* 106 ; *Perry* v. *Dover,* 12 *Pick.* 206 ; *Johnson* v. *Dole,* 4 *N. H. Rep.* 478 ; *Suydam* v. *Keys,* 13 *Johns. R.* 444 ; *Sch. Dis. No.* 1, in *Greene* v. *Bailey,* 3 *Fairf.* 254 ; *Little* v. *Merrill,* 10 *Pick.* 543.

*Codman* argued for the defendant, and cited *Hoyt* v. *Byrnes*, 2 *Fairf.* 475; *Colman* v. *Anderson*, 10 *Mass. R.* 105; *Stetson* v. *Kempton*, 13 *Mass. R.* 272; *Little* v. *Merrill*, 10 *Pick.* 543.

The opinion of the Court was drawn up by

WESTON C. J. — The fifth article in the warrant for the town meeting in *Paris*, under which the defendant was chosen constable, was, " to choose overseers of the poor, and all other town officers, for the year ensuing." It is urged, that this did not warrant the choice of a constable. The act regulating town meetings, and the choice of town officers, *stat.* 1821, *c.* 114, § 1, authorizes the election of certain officers described, in which constables are not included, and then provides for " other usual town officers." Upon this point, the warrant is not more general than the statute. A constable is an ancient town officer, not only usually, but universally elected; and in our judgment, the warrant did authorize the election of a constable, in the case before us.

The justification, upon which the defendant relies, is controverted upon the ground, that what remained, after satisfying his legal demand upon the plaintiff, was not paid or tendered to him. If proof of such payment or tender was necessary in defence, it has been sufficiently made out. In the return of the defendant upon his warrant, which is *prima facie* evidence, according to the case of *Kendall & al.* v. *White & al.*, 13 *Maine R.* 245, it is stated, that the overplus was tendered to the plaintiff on the day of the sale. As further proof of the fact a witness testified, that he saw the defendant on that day tender to the plaintiff a sum of money in bank bills, as the overplus in his hands, beyond the amount of the tax and charges. The tender, not being accepted, must be taken to have been refused, which the return expressly states. But no objection was made as to the amount tendered, or the kind of money. It has been long settled, that a tender in bank bills is good, if not objected to on that ground. *Hoyt* v. *Byrnes*, 2 *Fairf.* 479, and the cases there cited. So where a tender is refused, it will be deemed sufficient, although a greater sum is offered, and change required in return. 3 *Stark. Ev.* 1395. The witness did not count the money, nor did he see any change tendered; but what he did see, with the constable's return, is evi-

dence that enough was tendered; especially as it was not accepted, and no objection made, on the ground of any alleged deficiency. A paper was offered to the plaintiff at the time of the tender, which the jury might well understand to have been an account in writing of the sale and charges.

It is objected, that no sufficient evidence was adduced, that the school district was legally created. It appears that certain persons named, with their estates, were set off into a separate school district. Had the persons only been named, the limits of the district would not have been defined. But they are defined by their estates. If this had been done, in the district in question, in *Withington* v. *Eveleth, 7 Pick.* 106, cited for the plaintiff, it is fairly deducible from that case, that it would have been held sufficient. There is no proof that the estates were not contiguous, or that the limits were uncertain. Other exceptions, equally untenable, taken at the trial, have not been pressed for the plaintiff in argument.

